UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THRIVENT FINANCIAL FOR LUTHERANS, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) | Case No. 4:07-cv-01079 (TCM) |
| ) | |
| LUTHERAN CHURCH MISSOURI ) SYNOD FOUNDATION and TIM ) STEINMEYER, ) ) | |
| Defendants. ) | |

## AMENDED ORDER

Defendant Lutheran Church Missouri Synod Foundation ("Defendant Foundation"), pursuant to Federal Rules of Civil Procedure 26(c), moves this Court to enter an amended Qualified Protective Order pursuant to 45 C.F.R. §164.512 (a)(1)(e). Based upon the motion and responses thereto, the Court finds that a central issue in the case before the Court herein is the physical and mental capacity of Martin L. Steinmeyer (the "Decedent") when he executed certain documents in January 2004. The Court further finds that certain medical and health care records of Decedent from January 1, 2003 until the date of the death of Decedent are relevant to the issues herein and that such records contain "Protected Health Information," as defined by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and will be required to be disclosed in this case.

This order is specifically designed to be a "qualified protective order" as defined in 45 C.F.R. §164.512(e)(1)(v).

THEREFORE, IT IS SO ORDERED:

1. All documents containing "Protected Health Information" (as defined by HIPAA) that are obtained from Physicians and Health Care Professionals, treatment facilities, hospitals or any other "covered entity" (as defined by HIPAA) shall be subject to the terms of this Order.

2. Except as may be otherwise provided by this Order or by further order of the Court or further stipulation of the parties, documents designated as being subject to this Order, as well as the matters contained therein, and extracts and summaries thereof, shall be used for no purpose other than prosecuting or defending this action and shall be disclosed only to the persons identified in paragraph 3 below in connection with the prosecution or defense of this action and the action titled "Vern Dean St3einmeyer v. John R. Sanderford, et. al., case no. 07-MG-CC-00072 in Morgan County, Missouri (hereinafter referred to as "the Morgan County Cases").

3. Access to any documents, or any part thereof, designated as being subject to this Order, as well as the matters contained therein, shall be limited to: (i) the judiciary, its employees, and its agents; (ii) parties and the officers, managers, and agents of the parties; (iii) the attorneys of record of the parties, their associates, assistants, and employees, consultants, technical experts (including retained and non-retained expert witnesses), and agents involved in the preparation of this action; (iv) court reporters, their transcribers, assistants, and employees; and (v) witnesses and deponents in this action who agree to be bound by the terms of this Order.

4. Individuals or entities permitted access pursuant to subparagraphs 3(ii) – 3(v) hereof to the documents, or parts hereof, designated as being subject to this Order, are

ordered not to show, convey or reproduce any such document, or parts thereof, or copies thereof, or any matter contained therein, or any extracts or summaries thereof, to any individual or to any entity who would not otherwise have access to said documents under the provisions of this Order.

5. Any document subject to this Order, if filed with the Court, shall be filed in an envelope marked "Under Seal" with the case name and document item listed on the front of the envelope and shall be kept by the Clerk of this Court for this action or the clerk of the Circuit Court of Morgan County, Missouri in the Morgan County Cases under seal and shall be made available only to the Court and persons authorized by the terms of this Order to have access thereto.

6. If a deponent refuses to agree to the non-disclosure provisions of this Order, as provided herein, disclosure of the documents during the deposition shall not constitute a waiver of confidentiality. Under such circumstances, the witness shall sign the original deposition transcript in the presence of the court reporter, and no copy of the transcript or exhibits shall be given to the deponent.

7. The parties herein may also, on written notice, designate documents falling within the confines of this Order and produced by the other party as confidential, and such documents shall be maintained as confidential in accordance with this Order.

8. At the conclusion of this case, each document produced and designated as subject to this Order, whether or not filed or identified as an exhibit in this proceeding, including all copies, extracts and summaries thereof, shall be returned to the producing party or the "covered entity," as applicable or, in the alternative, shall be destroyed.

SO ORDERED:

_____
UNITED STATES DISTRICT COURT JUDGE

Date: 1/25/08